## FOWLER v. GOWING.

(Circuit Court of Appeals, Second Circuit, November 16, 1908.)

### No. 45.

1. COURTS (§ 352*)—FEDERAL COURTS—PROCEDURE—TRIAL WITHOUT JURY—FINDINGS.

   Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), relating to procedure in actions at law tried by a federal court without a jury, do not contemplate the finding of separate conclusions of law, but judgment should be directed on the findings of fact.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926, 927; Dec. Dig. § 352.*]

2. BANKS AND BANKING (§ 248*)—NATIONAL BANKS—LIABILITY OF STOCKHOLDERS—"PERSON HOLDING STOCK AS TRUSTEE."

   Rev. St. § 5152 (U. S. Comp. St. 1901, p. 3465), providing that persons holding stock in national banks as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders, is not confined to express trusts, but applies to every one holding stock as trustee, and a father who invested funds belonging to his children in such stock, taken in his own name simply as "trustee," cannot be held personally liable for an assessment thereon, although the fund so invested arose from an investment of his own money previously made by him in their names and behalf.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 919; Dec. Dig. 248.*

   Enforcement of statutory liability of stockholders in national banks, see note to Williamson v. American Bank, 52 C. C. A. 6.]

In Error to the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 152 Fed. 801.

Fowler, Crouch & Vann, for plaintiff in error.

White, Cheney & Shinaman, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. This case, a jury having been waived in writing, was tried by the court. The parties stipulated the facts in 24 articles, which the trial judge adopted with 2 of his own as his findings of fact. Upon these he found six conclusions of law, and directed judgment for the defendant. Rev. St. U. S. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), do not contemplate separate conclusions of law such as are common in the state practice, and judgment should have been directed on the findings of fact.

The findings of fact establish that the defendant in the year 1890 purchased with his own money, for and in the name of each of his five minor children, he being described as trustee, five shares of the installment stock of a loan association of the par value of $200 each. He continued to pay dues until the association ran out in 1899, when he received the sum of $5,000 on acount of the said shares, and he invested the same in 45 shares of the capital stock of the American Exchange Bank of Syracuse, standing in his name simply as trustee. Several dividends declared by the bank were invested by the defendant, together with a small contribution of his own, in 5 additional shares, so that he might hold 10 shares for each child. The bank was subsequently changed to a national bank, and, having become insolvent, a receiver was appointed, who assessed the shares at the rate of $67 each, and brought suit against the defendant as a stockholder of the bank for this assessment on the said 50 shares.

We are quite satisfied that the defendant's children, though minors, were the owners of the stock of the building association (Laws N. Y. 1887, p. 724, c. 556, § 18); that the defendant received the proceeds of the same as trustee for them, and was their trustee for the bank shares purchased therewith. The cases cited arising out of deposits in savings banks depend upon the peculiar nature of that business, constitute a class by themselves, and do not throw light upon questions arising out of the issuance of corporate stock to one as trustee for another. So, also, cases as to the liability for assessments of persons who transfer stock in national banks directly to minors have no application, because the exemption claimed by the defendant depends upon section 5152, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3465):

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

We adopt the conclusion of Judge Coxe in Lucas v. Coe (C. C.) 86 Fed. 972, that this section is not confined to express trusts under deeds, wills, or orders of the court, but extends to every one holding stock in a national bank as trustee.

In view of the facts stipulated by the parties and found by the court, the admission of the account in the defendant's books with his children, to which exception was taken, was harmless, even if erroneous.

Judgment affirmed.