## McNAIR v. DARRAGH.

Circuit Court of Appeals, Eighth Circuit.
March 19, 1929.

No. 8290.

P. A. Lasley, of Little Rock, Ark. (H. M. Trieber, of Little Rock, Ark., on the brief), for appellant.

Ashley Cockrill, of Little Rock, Ark. (Henry M. Armistead and J. Mitchell Cockrill, both of Little Rock, Ark., on the brief), for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

STONE, Circuit Judge. As receiver of the England National Bank of Little Rock, the appellant brought an action to enforce a stockholder's liability against appellee. Appellee answered that he was not the owner of the shares in question, but held them as trustee for two of his minor children. Appellant moved to strike this answer as constituting no sufficient defense. This motion was denied and appellant, electing to stand upon his motion, a decree was entered in favor of appellee from which this appeal is brought.

The matter presented here is the sufficiency of the answer to constitute a defense. The essentials of the answer are as follows: Separate trusts were created in favor of two minor children of appellee in 1919 and 1921, respectively. Until January 2, 1924, the property in each of those two trusts consisted of various deposits of money in banks in the name of appellee, as trustee, for the particular child—such moneys having been derived from appellee and other persons. On January 2, 1924, appellee gave to each of said children 75 shares of the capital stock of the bank which stock was then his property and stood in his name upon the books of the bank. These gifts were to himself as trustee with the intention of having the stock constitute additional property of the then existing trusts. No reservation of title or of disposition was retained by appellee and the gifts became, as to him, irrevocable and parts of the trust estates. Upon the day following, the certificates of stock, representing these shares, were delivered to the bank and new certificates issued in place thereof. One of these certificates, for 75 shares, was issued to "F. K. Darragh as trustee for T. E. Darragh"; the other, for seventy-five shares, to "F. K. Darragh as trustee for Louisa Darragh." The transfer of said stock was made in good faith and without any knowledge or reason to believe that said bank was insolvent or in a failing condition. From the transfer of the above stock, until the failure of the bank, all dividends received thereon were credited to the account and used for the benefit of the two children, respectively, in purchasing building and loan stock as property of the two trust estates. On November 1, 1926, the Comptroller took possession of the bank and a receiver was appointed therefor.

No question is here made as to the good faith of this entire transaction. The theory of appellant is that the title to issued national bank stock must, at all times, be in some one subject to the statutory liability for assessment; that no person can be made the owner of such stock without his consent; that mi-nors are incapable of giving such consent and, therefore, such title cannot pass to them; that the fact of the transfer being made to the trustee for the benefit of minors is, in law, equivalent to a direct transfer to the minors and can convey no greater title to the trustee than the minors themselves could take; that, as no legal transfer of the title could pass to such a trustee, the title must, of necessity, remain in the transferor.

Both parties agree that, if 12 USCA § 66, is applicable, the trial court correctly determined the matter. Section 66 is as follows:

"Sec. 66. *Personal liability of representatives of stockholders.* Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." (R. S. § 5152.)

It seems to us that this section is directly applicable. The determination of this matter depends upon the purpose, scope and effect of that section. A proper understanding thereof requires the consideration of that section in connection with section 64, which created the stockholder liability for assessment, because section 66 was enacted to meet a particular situation arising (not infrequently) in connection with the general situation dealt with by section 64.

Section 64, as construed in numerous cases before the Supreme Court and lesser federal courts, makes it very clear that that section, when read in conjunction with section 62 (relating to lists of stockholders) purposed to have every issued share in a national bank subject to assessment and that such assessment should be against the owner of such stock. Naturally, the question would often arise as to who was the "owner," thus subject to liability. To prevent fraud upon the creditors, for the benefit of whom this section was enacted, and, undoubtedly, influenced by the requirements of section 62, a stockholder of record who is apparently the legal owner, may be held subject to this liability, on the ground of estoppel, even though he be not the beneficial owner. Also, to prevent fraud upon the act and easy escape from this liability, transfers of the stock made with knowledge of insolvency of the bank or within 60 days before the date of its failure, are expressly declared invalid, by

section 64 "to the extent that the subsequent transferee fails to meet such liability." However, the decisions construing section 64 make it clear that (excepting the two instances just stated) the beneficial owner is the one intended by the statute. It is evident that sections 64 and 62, as thus construed, would cover the situation and produce the effect intended by section 64, except in those instances where the beneficial ownership might, in a sense, be unfixed. That situation would apply where the stock was owned by a deceased person whose estate was in course of administration or by a guardian or trustee for incompetent persons. The reason why the beneficial title in such instances would be uncertain would be that the burden of the stock could not be placed on devisees, heirs, or incompetent wards or incompetent cestui que trust, without their consent and the determination of such consent might not have been made or, in the case of incompetence, could not be made. To remedy this situation, and make certain, in all instances, the liability for assessment under section 64, Congress enacted section 66. Section 66 deals with this subject and this, alone, and seems very clear. It states that the executors, administrators, guardians, or trustees shall not be personally subject to the stockholder liability for stock belonging to the estate. Also, the section states that the estates and funds in their hands shall be liable. It states the extent of the liability of such funds to be the same as the "person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." "If living," as thus used, refers, of course, to where the stock was owned by a deceased person whose estate is in course of administration and refers back to "executors, administrators." "Competent to act and hold the stock in his own name," clearly primarily carries the thought of guardianship or trusteeship and specifically covers the point of incompetency. As the only reason suggested here by appellant why appellee should be held personally liable, is the incompetency of the minors, under the trust, and as section 66 specifically covers trusts, declares trustees not personally liable and declares the trust estate liable to the extent that the beneficiary would be "if * * * competent to act and hold the stock in his own name," we think the section exactly fits this situation. It is one kind of the situations which the statute was enacted to cover. See Fowler v. Gowing, 165 F. 891 (C. C. A. 2).

We think the decree was right and should be and is affirmed.