## POTTORFF v. STAFFORD.
### No. 3184.

Court of Civil Appeals of Texas. El Paso.
April 18, 1935.

Rehearing Denied April 25, 1935.

Jones, Goldstein, Hardie & Grambling and Phillip Tocker, all of El Paso, for plaintiff in error.

Lea & Edwards, of El Paso, for defendant in error.

WALTHALL, Justice.

For brevity we will designate the parties, respectively, as plaintiff and defendant, as in the trial court.

Plaintiff, S. O. Pottorff, receiver of the First National Bank of El Paso, Tex., and as such receiver, brought this suit in the Forty-First. district court of El Paso county against defendant, Adine Stafford, a feme sole, to collect a stock assessment, duly levied by the Comptroller of Currency. Due notice of the assessment was given to defendant. The record shows, without controversy, that on Jan-

uary 2, 1913, defendant, Adine Stafford, at times referred to in the record as C. Adine Stafford, and Adine N. Stafford, purchased from her own means and became the owner of ten shares of stock of the First National Bank of El Paso, Tex.

On January 31, 1927, defendant transferred to herself as trustee for her minor son, Harry Noaks Stafford, all of said ten shares of stock and all of said shares of stock remained in this status until the suspension of the business of the First National Bank, and still remains, which occurred on September 4, 1931. On January 28, 1932, the Comptroller of Currency duly levied an assessment upon the stockholders of the First National Bank of the par value of each and every share of stock, payable at plaintiff's office on or before March 2, 1932, notice of which assessment was duly served on defendant. Defendant refused to pay the assessment, answered by general denial, and in this suit defends on the ground that she had not owned any of the ten shares of stock subsequent to January 31, 1927.

The case was submitted to the court without a jury and judgment was entered in favor of defendant, to which plaintiff duly excepted and has perfected this appeal by writ of error.

### Opinion.

Plaintiff, S. O. Pottorff, filed assignments of error and thereunder presents a number of propositions suggesting error in the trial court in entering judgment for defendant. We think we need not discuss the propositions severally. The evidence is practically undisputed, and it seems to us to present one question, a question of law. Defendant, Adine Stafford, voluntarily, several months before the bank closed its doors to business and went into the hands of the receiver, transferred the shares of stock involved here to herself as trustee for her minor son, Harry Noaks Stafford, then about nine years old. The transfer was intended as a present gift to her son and was intended for his use and benefit when he should become old enough to attend college.

The National Banking Act, section 5152, United States Revised Statutes (12 USCA § 66), and under which defendant defends, provides: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate,

ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The National Banking Act by Rev. St. § 5151 (12 USCA § 63) makes the stockholders of National Banks individually responsible for all contracts, debts, and engagements of such banks to the amount of the par value of the stock therein, and Adine Stafford defends against such personal liability on the ground that she was not and is not the owner of said stock, but that she held said stock as trustee for her minor son, who is the present owner thereof, by reason of the matters heretofore stated.

■■■ We have reviewed many cases, both state and federal, to which we have been referred by plaintiff and defendant, but we will not be able in the short space of an opinion to review them, or distinguish them from the instant case. Many of the cases reviewed had reservations and conditions and did not convey a present interest in the trust fund to the beneficiary.

We think the record shows a bona fide transfer of the stock by Adine Stafford, the mother, to herself, as trustee, for her minor son, several months before the bank went into liquidation, and without any reservation of title or interest in herself and without any knowledge of the bank's failing condition. Some question is made as to the sufficiency of the facts shown to create the trust, but we think they are sufficient. A trust in personal property may be created by parol. Allen v. Withrow, 110 U. S. 119, 3 S. Ct. 517, 28 L. Ed. 90, par. 4; Adamson v. Black Rock Power Co. (C. C. A.) 297 F. 905; Christopher v. Davis (Tex. Civ. App.) 284 S. W. 253 (writ refused).

No particular form of words is required to create the trust, if it is reasonably certain as to the property, its object, and the beneficiary. Colton v. Colton, 127 U. S. 300, 8 S. Ct. 1164, 32 L. Ed. 138.

In this case the undisputed evidence shows that Adine Stafford consulted with the cashier of the bank, who advised her to do just what she did; she surrendered the stock certificates she then had, and the bank issued new certificates of stock to her as trustee.

This case arises under the federal statute, and the construction placed upon the statute by the federal courts must control. We say this for the reason that some of the state courts in construing the state statutes, apparently similar to the federal statutes, are not in harmony in their construction to be placed thereon with the federal courts.

We have concluded that the recent cases of McNair v. Darragh (C. C. A.) 31 F.(2d) 906, writ denied (Gamble v. Darragh) 280 U. S. 563, 50 S. Ct. 19, 74 L. Ed. 617, and Heiden v. Cremin (C. C. A.) 66 F.(2d) 943, 944, writ denied 290 U. S. 687, 54 S. Ct. 123, 78 L. Ed. 592, control this case.

In the McNair Case, the Circuit Court of Appeals for the Eighth Circuit, construing section 66, above quoted, held one making a gift to himself of national bank stock as trustee for minor children, not subject to stockholder's liability thereon.

In the Heiden Case the same court as in the McNair Case, in construing the same section (12 USCA § 66), said:

"It is a well-established rule of law, applicable to corporations generally, that a transfer of stock must be made to one not only legally capable of holding stock but who may lawfully assume the obligations attaching to ownership of such stock—by assumption of obligations, financial responsibility is not meant but legal liability to respond. There is no reason why this rule should not apply to national bank stock and it has been so applied:

"As to minors, Early v. Richardson, 280 U. S. 496, 50 S. Ct. 176, 74 L. Ed. 575 [69 A. L. R. 658]; Aldrich v. Bingham (D. C.) 131 F. 363; Foster v. Chase (C. C.) 75 F. 797; and Foster v. Wilson (C. C.) 75 F. 797.

"Also to National Banks, Concord First National Bank v. Hawkins, 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007; California Bank v. Kennedy, 167 U. S. 362, 17 S. Ct. 831, 42 L. Ed. 198; and Johnston v. Laflin, 103 U. S. 800, 26 L. Ed. 532. But this rule is not held to prevent transfer of stock to a trustee of a valid trust.

"Ordinarily, the trustee may be required to respond to the obligation of the stock and either is allowed to recoup from the trust estate in his hands (Taylor v. Davis, 110 U. S. 330, 335, 4 S. Ct. 147, 28 L. Ed. 163) or the execution on the judgment against him runs only against the trust estate (Hampton v. Foster [C. C. Mass.] 127 F. 468).

"There is no doubt that such trustees may hold national bank stock, for section 66, title 12 USCA, unmistakably, implies such by its provisions as to liability on stock so held. Also, that section leaves no doubt as to where the liability rests, for it expressly declares that 'persons holding stock as * * * trustees, shall not be personally subject to any liabilities as stockholders' and such liability is expressly placed upon 'the estates and funds in their hands' as such."

The opinion is lengthy. We have copied here only a small portion of it. The opinion says that "this case is on all fours with McNair v. Darragh, 31 F.(2d) 906 (C. C. A. 8); Fowler v. Gowing, 165 F. 891 (C. C. A. 2); and Lucas v. Coe, 86 F. 972 (N. Y. C. C.)," giving the reference in each of the cases.

We have reviewed the cases referred to and believe they hold with the case, that the defendant is not personally liable for the assessment.

The case is affirmed.

HIGGINS, J., was disqualified and did not sit in this case.