728

LIFSEY v. BULLOCK.

SAME v. THOMAS.

SAME v. WINSTEAD.

District Court, M. D. North Carolina.
July 10, 1935.

Robert P. Burns, of Roxboro, N. C., for plaintiff.

William D. Merritt, of Roxboro, N. C., for defendants.

HAYES, Judge.

These three cases are suits to recover stock assessments levied against the defendants as fathers of minor children and who purchased this stock directly from the bank with funds belonging to the minor children.

■■ The plaintiff states that these cases are covered by Early v. Richardson, 280 U. S. 496, 50 S. Ct. 176, 74 L. Ed. 575, 69 A. L. R. 658, and Riley v. Bondi (C. C. A. 8) 64 F.(2d) 515. The opinion in the latter case states there is no essential difference between it and Early v. Richardson. In each of them the bank stock was actually purchased with the funds of the father and the stock accepted by him for the children. In the instant case it is agreed that the stock was purchased with funds belonging to the children and the stock issued to the children and that the fact of minority was known to the bank officials at the time of the transaction. Moreover, the stock was purchased when the bank was solvent and there is no suggestion of any effort to evade the stock assessment. Dividends on the stock were paid for years to these minor children. In these circumstances, if we hold the parents liable, we would extend the liability of the parents beyond the limits of these decisions.

It is true Congress intended to fix the liability on the real owner of the bank stocks, but Revised Statutes, § 5152 (12 USCA § 66), exempts trustees and guardians from personal liability. Under the N. C. statutes (C. S. Supp. 1924, § 2151), the father is natural guardian for his minor children and is given power to create guardianship by deed or will. While this has to do with the custody of the child, the relationship is such between parent and child in this state that the father should not be regarded as a trespasser or a wrongdoer when he acts in good faith with his child's money and makes purchases for its benefit. Since Congress manifested its intention not to bind personally a guardian or trustee acting in that capacity for the stock assessment, I am of the opinion that a father who purchases in good faith for his child directly from the National Bank its capital stock and pays for it with his child's money does not thereby become the purchaser or owner of the stock individually, nor liable for the stock assessment especially when the bank officials know that the transaction is for the minor children and that the stock is purchased with the children's money.

It is not the purpose of the statute to hold one liable for the assessment who is not the owner of the stock. Fowler v. Gowing (C. C. A. 2) 165 F. 891; McNair v. Darragh (C. C. A. 8) 31 F.(2d) 906.