Iva RIPPSTEIN, Appellant,

v.

Elizabeth C. UNTHANK and F. M. Butler, Independent Executors of the Estate of C. P. Craft, Deceased, Appellees.

No. 7364.

Court of Civil Appeals of Texas.

Amarillo.

June 1, 1964.

Rehearing Denied June 29, 1964.

Stone & Stone, Amarillo, for appellant.

Morehead, Sharp & Boyd, Plainview, for appellees.

DENTON, Chief Justice.

This case concerns the same written instrument and the same parties involved in the case of In re C. P. Craft Estate (Tex. Civ.App.) decided by this Court and reported in 358 S.W.2d 732 (Refused, NRE). In the former case this Court held the written instrument was not testamentary in character, and hence could not be probated as a codicil of C. P. Craft. Upon the conclusion of that case, appellant filed the present suit upon the same letter seeking to fix liability of the executors of the Estate of Craft to pay the monthly payments provided for in Craft's letter. Both parties filed motions for summary judgment. Upon proper notice and hearing, the trial court granted appellees' motion and refused that of appellant, denying appellant's claim.

For clarity, material parts of Mr. Craft's hand-written letter dated September 17, 1960, will again be quoted.

"Dear Mrs. Iva: Used most of yesterday and day before to 'round up' my financial affairs, and to be sure I knew just where I stood before I made the statement that I would send you $200.00 cash the first week of each month for the next five years, ~~provided I live that long~~, also to send you $200.00 cash for Sept., 1960, and thereafter send that amount in cash the first week of the following months of

1960, October, November and December."

In the left-hand margin beside the preceding paragraph, the following words were written:

"I have stricken out the words 'provided I live that long' and hereby and hereunto bind my estate to make the $200.00 monthly payments provided for on this Page One of this letter of 9–17–60."

*   *   *   "You will find the $200.00 for Sept. 1960 enclosed herewith."

Mr. Craft died September 20, 1960, three days after writing this letter.

It is appellant's primary contention that the letter of C. P. Craft constituted an executed declaration of trust which imposed an equitable obligation on his estate to make the payments provided for in the letter. In effect, appellees take the position the writing is not enforcible as a gift for the reason there was not a complete delivery of the money [except one payment of $200.00] as Craft did not relinquish possession or control of such money; it was a gift to take effect in the future; the letter does not show an intention to create an express trust; there was not an immediate or unconditional passing of the equitable title to appellant.

A trust "is a confidence reposed in one person, called the trustee, for the benefit of another, called the cestui que trust, with respect to property held by the former for the benefit of the latter. * * * It is a device for making dispositions of property." 89 C.J.S. Trusts § 9, page 719. No particular form of words is required to create the trust, if it is reasonably certain as to the property, its object, and the beneficiary. Pottorff v. Stafford (Tex.Civ. App.), 81 S.W.2d 539 (Error Refused). It is also settled that in order to create an express trust the legal and equitable titles must be separate, the former being vested in a trustee and the latter in a beneficiary.

Cutrer v. Cutrer (Tex.Civ.App.), 334 S.W. 2d 599 (Affirmed); 162 Tex. 166; 345 S.W. 2d 513. Miller v. Donald (Tex.Civ.App.), 235 S.W.2d 201 (Refused, NRE). This intention to create a trust must be sufficiently expressed, and the declaration of trust must show the intention with reasonable certainty. Patrick v. McGaha (Tex.Civ. App.), 164 S.W.2d 236; 89 C.J.S. Trusts § 43, page 776. Whether transactions in which property is being disposed of takes the form of voluntary trusts or inter vivos gifts, they are governed in general by the rules applicable to gifts. Fleck v. Baldwin (Tex.Comm.App.), 141 Tex. 340, 172 S.W. 2d 975 (Opinion Adopted). In that case the court held:

"The principal difference between such a trust and a gift lies in the fact that in the case of a gift the thing given passes to the donee, while in the case of a voluntary trust only the equitable or beneficial title passes to the cestui qui trust. In each case the equitable title must pass immediately and unconditionally and the transfer thereof must be so complete that the donee might maintain an action for the conversion of the property. Absent a completed gift of the equitable title, no trust is created, for an imperfect gift will not be enforced as a trust merely because of its imperfection. A gift cannot be made to take effect in the future, for the reason that a promise to give is without consideration. Neither can the donor retain the right to use and enjoy the property during his lifetime and direct its disposition after his death in any manner other than by the making of a will."

That case holds that the ultimate controlling fact to be determined is the intention of the donor, when it used the following language: "Such a transaction does or does not create a trust according as the donor intended." In the present case the intention of Mr. Craft can be arrived at only from the language of the letter.

■■ A reading of the letter reveals a clear intention on the part of Mr. Craft to obligate his estate to pay the $200.00 monthly payments for a period of five years. By deleting "provided I live that long" and substituting the phrase "I — — hereby and hereunto bind my estate to make the $200.-00 monthly payments", he obviously intended for the payments to continue for the period of five years regardless of whether or not he lived that long. It is uncontroverted Mr. Craft's estate, consisting almost wholly of cash and promissory notes, exceeded the amount he pledged to Mrs. Rippstein.

In order to constitute an express or voluntary trust three essentials must be present: clear, unequivocal language or conduct creating the trust; definite subject matter or property to be included in the trust; definite or certainty as to the object or beneficiary of the trust. 89 C.J.S. Trusts § 45, a. b. and c., and cases therein cited. Viewed in the light of these principles we are of the opinion the necessary elements to create a trust are contained in Mr. Craft's letter of September 17. The instrument unequivocally declares a present intention to make a gift to Mrs. Rippstein and to effect an immediate transfer of the equitable title to the money. The phrase, "I — — hereby and hereunto bind my estate" clearly manifests such an intention. The fact the first monthly payment was delivered simultaneously with the mailing of the letter emphasizes the present effectiveness of the transaction. The fact the benefits of the trust were to be received over a period of time and in installments does not alter the character of the transaction. His declaration, in addition to initiating the payments immediately, had the effect of completing the transfer of the equitable ownership of the pledged money to Mrs. Rippstein. Mr. Craft, during his lifetime, and his legal heirs upon his death, held the legal title to the unpaid balance for the benefit of Mrs. Rippstein. The words, "hereby" and "hereunto" denote immediate effect. We remain convinced the

pledging of the installment payments constituted a single obligation to be performed over the designated period. The written instrument created a trust and by its specific terms leaves no uncertainty as to the subject matter or property to be included in the trust or the object or the beneficiary. In view of our holding the instrument under consideration established a voluntary trust we deem it unnecessary to discuss and pass on appellant's remaining point of error and appellees' counter points.

The judgment of the trial court is accordingly reversed and judgment is here rendered for appellant.

Reversed and rendered.