

# The Attorney General of Texas

August 31, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave.. Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. W. J. Estelle, Jr., Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. MW-363

Re: Whether certain funds in the custody of the Texas Department of Corrections are excepted from the requirements of House Bill 1623

Dear Mr. Estelle:

You have requested our opinion as to whether certain funds in the custody of the Texas Department of Corrections [hereinafter TDC] are excepted from the requirements of House Bill 1623, recently enacted by the 67th Legislature.

Section 4 of House Bill 1623, the State Funds Reform Act of 1981, provides:

> All fees, fines, penalties, taxes, charges, gifts, grants, donations, and other funds collected or received by a state agency as authorized or required by law shall be deposited in the state treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended or disbursed. Deposit shall be made within seven days after the date of receipt.

Section 2 of House Bill 1623 defines "state agency" as:

> ...any department, commission, board, office, institution, or other agency that is in the executive branch of state government, has authority that is not limited to a geographical portion of the state, and was created by the constitution or a statute of this state, but does not include an institution of higher education as defined in Section 61.003, Texas Education Code, as amended, and does not include the Banking Department of Texas, the Savings and Loan Department of Texas, and the Office of the Consumer Credit Commissioner, whose funds are

> subject to the budgetary control of the Finance
> Commission of Texas by virtue of existing laws,
> and does not include the Credit Union Department
> of Texas whose funds are subject to the budgetary
> control of the Credit Union Commission of Texas.

Section 3(b) of the bill states, however, that the act does not apply
to:

> (1) funds pledged to the payment of bonds, notes,
> or other debts if the funds are not otherwise
> required to be deposited in the state treasury;
>
> (2) funds held in trust or escrow for the benefit
> of any person or entity other than a state agency;
>
> (3) funds set apart out of earnings derived from
> investment of funds held in trust tor others, as
> administrative expenses of the trustee agency;
>
> (4) funds, grants, donations, and proceeds from
> funds, grants, and donations, given in trust to
> the Texas State Library and Archives Commission
> for the establishment and maintenance of regional
> historical resource depositories and libraries in
> accordance with Section 2A, Chapter 503, Acts of
> the 62nd Legislature, Regular Session, 1971, as
> amended (Article 5442b, Vernon's Texas Civil
> Statutes); or
>
> (5) the deposit of funds for state agencies
> subject to review under the Texas Sunset Act
> (Article 5429k, Vernon's Texas Civil Statutes) for
> 1981, which shall be determined by each agency's
> enabling statute.

Your question is whether the Educational and Recreational [hereinafter
E&R] Funds and the Windham Independent School District [hereinafter
WISD] Fund are excepted by section 3(b) from required deposit in the
state treasury.

A local E&R fund for each TDC facility is authorized in a rider
to the present General Appropriations Act. The rider appropriates to
the E&R funds:

> ...receipts from the operation of commissaries,
> prison-sponsored recreational shows and
> entertainment [and] all gifts and other income for
> inmate welfare.

Such funds may be expended:

> ...only for direct benefits to prisoners including
> commissaries, reimbursement for travel to persons
> providing free dental and medical services,
> prisoner educational matters and recreational
> benefits of inmates...and for no other purposes.

The Windham Independent School District is a non-geographical school district operated by TDC for the benefit of its inmates. You state that its funds are at present entirely provided by the Foundation School Program. But see Educ. Code §29.03. You suggest that the E&R funds and the WISD Fund are exempt from deposit in the state treasury under section 3(b)(2) of House Bill 1623, as "funds held in trust or escrow for the benefit of any person or entity other than a state agency."

In our opinion, the E&R Funds may be said to constitute "funds held in trust." The language of the rider which details the purposes for which the funds may be expended comports with the requirements for the creation of an express trust. Pottorff v. Stafford, 81 S.W.2d 539 (Tex. Civ. App. - El Paso 1935, writ ref'd). It is well established that no particular words are necessary to create a trust. Kurtz v. Robinson, 279 S.W.2d 949 (Tex. Civ. App. - Amarillo 1955, writ ref'd n.r.e.). So long as the parties intend that particular property be held for the benefit of others, a court of equity will affix to that intent the character of a trust. Patrick v. McGaha, 164 S.W.2d 236 (Tex. Civ. App. - Ft. Worth 1942, no writ).

Furthermore, in Attorney General Opinion H-610 (1975), this office, in holding that the Board of Corrections was authorized to invest or spend the E&R Fund, declared:

> Although we have been furnished no trust indenture
> and have not found any general statutory authority
> (but see, Education Code, §29.03) for the
> establishment or collection of such a fund by the
> Texas Board of Corrections, the long-established
> and consistent characterization of the fund as a
> trust fund and its tacit recognition as such by
> the Legislature since at least 1957 convinces us
> that it should be treated as such. We think a
> confidential, fiduciary relationship exists
> between the Board of Corrections and the prisoners
> committed to its care with respect to the
> disposition of labor and property (and the fruits
> thereof) donated to the fund.

H-610 (1975), at 3. (Citations omitted.)

We are in accord with this view. It is therefore our opinion that the E&R Funds held by the Department of Corrections constitute "funds held in trust," and as such, in accordance with section 3 of House Bill 1623, they need not be deposited in the state treasury.

Although the existence of the WISD is recognized by regulation of the Board of Corrections, it is not specifically established by statute. The relevant statute, former article 6203b-2, V.T.C.S., repealed, Acts 1971, 62nd Leg., ch. 405, §54(2), at 1533, now codified as §29.01 of the Education Code, provides that the "Board of Corrections may establish and operate schools at the various units of the Department of Corrections." According to §29.04 of the Education Code, all WISD funds are provided by the Foundation School Program:

> The total cost of operating the schools authorized by this chapter shall be borne by the state and shall be paid from the Foundation School Program Fund.

Foundation School Program funds are appropriated biennially by the General Appropriations Act. See, e.g., H.B. 558, Acts 1979, 66th Leg., R.S., ch. 843, at 2757-2758. Section 3(a) of House Bill 1623 states that its provisions are applicable to a state agency "only to the extent that it is not otherwise required to deposit funds in the state treasury." Since Foundation School Funds are appropriated funds and thus, have previously been deposited in the state treasury at the time they are transferred to WISD, it would appear that House Bill 1623 does not apply to them. We conclude that the WISD Fund as presently constituted need not be deposited in the state treasury.

### S U M M A R Y

> Educational and Recreational funds held by the Texas Department of Corrections for the benefit of its inmates are "trust funds" and thus exempted from deposit in the state treasury under the terms of House Bill 1623. Funds of the Windham Independent School District are at present entirely appropriated from the Foundation School Program and as such, are not subject to House Bill 1623.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Brenda Smith
Bruce Youngblood