The Rainbow Trust and Julie R. Simoncini v. Western American National Bank, N.A.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-347-CV

THE RAINBOW TRUST AND APPELLANTS

JULIE R. SIMONCINI 

V.

WESTERN AMERICAN APPELLEE

NATIONAL BANK, N.A. 

------------

FROM THE 48
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The Rainbow Trust (“the Trust”) and Julie R. Simoncini (“Simoncini,” collectively “Appellants”) appeal a default judgment in favor of Western American National Bank, N.A. (“Western”).  Appellants contend that error exists on the face of the record showing that the rules governing service of process were not strictly followed.  We affirm in part and reverse and remand in part.

I.  FACTUAL SUMMARY

The Trust sold several notes to First Mortgage and Loan, Inc. in a transaction documented by a loan sale agreement (“the agreement”), and First Mortgage subsequently assigned its interest in the notes to Western.  The agreement provided that if any of the notes became delinquent, then in the discretion of the purchaser and upon notice given to the Trust, the Trust was required to replace the defaulting note with a new note of equal value, or at the Trust’s election, repurchase the defaulting note for a cash value equal to the outstanding balance of the note.

Simoncini and Marc E. Simoncini (“Marc”) executed a document unconditionally guarantying the performance of the monetary obligations of the Trust to Western.  The guaranty provides that its execution was a condition precedent to the parties entering into the agreement.

Several of the notes went into default.  Western filed this suit against the Trust, Simoncini, and Marc.  Western eventually filed a motion to nonsuit Marc without prejudice, which the trial court granted.  Western alleged in its petition that Appellants were nonresidents engaged in business in Texas who contracted with a Texas corporation and the contract was performable in Texas.  Western further alleged that Appellants did not maintain a regular place of business in Texas and were not required to appoint or maintain an agent for service of process in Texas; therefore, service of process on the Secretary of State of Texas was proper.  Western also alleged that requiring Appellants to answer and defend a suit in Texas will not violate the due process requirements of “fair play and substantial justice” because of the purposeful actions of the Appellants.

After Appellants failed to answer the suit, the trial court entered a default judgment against them, ordering them to pay Western damages of $46,933.93 plus interest.  Appellants filed their notice of appeal within six months of the trial court’s judgment.
(footnote: 2)
II.  LEGAL ANALYSIS

In five issues, Appellants argue that (1) the return of citation on the Trust failed to establish service in strict compliance with the law; (2) Simoncini was not served in strict compliance with section 17.044;
(footnote: 3) (3) the return of citation on Simoncini did not establish service in strict compliance with the law; and (4) the affidavit of Donald Hamilton contains insufficient evidence for a default judgment against both the Trust and (5) Simoncini.

A.  No Service on Trustee

In its first issue the Trust argues that the return of citation failed to establish service in strict compliance with the law because there was no service on a trustee of the trust and because the return of service was not verified.  The Trust argues that because the trustee was not a named defendant and because Appellee failed to direct citation to a trustee error exists on the face of the record and the default judgment must be reversed.

Appellee raised a threshold issue by moving this court to order Robert D. Lybrand pursuant to Rule 12 of the Texas Rules of Civil Procedure to provide a statement showing Lybrand’s authority to prosecute this appeal on the Trust’s behalf.
(footnote: 4)  Lybrand established his authority by stating that he was retained by Marc Simoncini, Trustee of the Trust.
(footnote: 5)
 We now address Appellant’s first issue by pointing out that a trust is a confidence that is placed in a trustee who holds trust property for the benefit of another.
(footnote: 6)  Generally, “[a] trust is not a legal entity that can be sued in Texas.”
(footnote: 7)  To hold a trust liable, the trustee, not the trust, must be the named defendant, and the trustee must be sued in its capacity as the trustee, not just individually.
(footnote: 8)  In order for a court to exercise personal jurisdiction over a nonresident defendant, the defendant must be amenable to the court’s jurisdiction, and if so, then the plaintiff must invoke that jurisdiction by valid service of process on the defendant.
(footnote: 9)
 The face of the record shows that the Trust was not properly brought before the trial court because neither of the representatives of the trust was named in the Appellee’s petition and neither was served in their capacity as a trustee.  We sustain Appellants’ first issue and do not reach the Trust’s remaining issues.
(footnote: 10)
B.  Simoncini’s Restricted Appeal

To be entitled to a restricted appeal, Simoncini must show that (1) she filed notice of the restricted appeal within six months of the trial court signing the default judgment; (2) she is a party to the suit; (3) she did not participate in the hearing that resulted in the judgment complained of; and (4) error exists on the face of the record.
(footnote: 11)
 1.  Service on Simoncini

In her second issue, Simoncini argues that she was not served in strict compliance with section 17.044 of the Texas Civil Practice and Remedies Code because the guaranty did not provide that it was performable in Texas and because she executed the guaranty in her individual capacity in Nevada.
(footnote: 12)  Essentially, Simoncini argues that Western did not allege that Simoncini engaged in business in the State of Texas.

Section 17.044(b) provides that 

“[t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not  maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.
(footnote: 13)
 The agreement provides that it “shall be construed under and in accordance with the laws of the State of Texas, and 
all obligations of the parties created hereunder are performable in Tarrant County, Texas.”
  The agreement further states that “as further security of the payment of each Note . . . this Agreement shall be guaranteed by the unconditional personal guarant[y] of . . . Julie R. Simoncini . . . in the form annexed hereto as Exhibit “B”.”  The guaranty provides that a condition precedent to the execution of the agreement is the unconditional guaranty of the performance and monetary obligations.

Simoncini argues that because the guaranty is silent on the location of performance as compared to the agreement which states that the contract is performable in Tarrant County, Texas, then the guaranty cannot be deemed performable in Texas.  According to the guaranty, however, liability under the guaranty arises from the underlying agreement.  The agreement provides that all the obligations created under the agreement are performable in Tarrant County, Texas.  Therefore, we hold that service upon Simoncini strictly complied with section 17.044.
(footnote: 14)  We overrule Simoncini’s second issue.

2.  Return of Citation

In her third issue, Simoncini argues that the return of the citation served on her did not establish service in strict compliance with the law.  She argues that the return is defective because it is not verified and does not include the green card with the addressee’s signature.  We disagree.

Simoncini argues that rule 107 of the Texas Rules of Civil Procedure requires that the return of the officer or authorized person executing the citation shall be endorsed on or attached to the citation, state when the citation was served, the manner of citation, and be signed by the officer or by the authorized person.
(footnote: 15)  According to Appellant, because the return was not verified and does not include the green card with the addressee’s signature, the citation was defective, and the judgment must be reversed.

Texas Rules of Civil Procedure 105 and 107 do not apply when service of process is upon the Secretary of State in compliance with the Texas long-arm statute.
(footnote: 16)  Instead, the “separate and distinct rules” in the Texas long-arm statute apply.
(footnote: 17)  “[T]he Secretary of States’s certificate is conclusive evidence that the Secretary of State, as agent of [Appellant], received service of process for [Appellant] and forwarded the service as required by [section 17.044].”
(footnote: 18)
 Western properly alleged that Simoncini was a nonresident who engaged in business in Texas by contracting with a Texas resident and that the contract was performed in whole or in part in Texas.  Western also alleged that Simoncini neither maintained a regular place of business nor designated an agent for service of process.  Western also included Simoncini’s home address.

Western served process on the Secretary of State.  The Secretary of State returned a certificate indicating that it mailed the service to Simoncini.  We hold that Western properly alleged that the long-arm statute applied and that Simoncini was properly served under the long-arm statute.  We overrule Simoncini’s third issue.

3.  Sufficiency of the Evidence

Simoncini argues in issue five that the affidavit of Donald R. Hamilton does not contain sufficient evidence for a default judgment.  Simoncini argues that the loan sale agreement provides that upon default of a note, Western was required to give notice to the Trust of the delinquent notes, and the Trust was required to replace the notes for at least the unpaid balance of the delinquent note.  Simoncini argues that Western had to demand that the notes be replaced before it could demand that the Trust repurchase the notes, and because Western failed to allege that demand was made upon the Trust to replace the notes, the factual allegations do not establish her liability.

In a default judgment, all factual allegations set out in a petition are deemed admitted.
(footnote: 19)  Western alleged in its original petition that (1) Appellants  entered into a contract with Western’s predecessor-in-interest; (2) Appellants agreed in that contract to repurchase notes that became delinquent prior to being paid in full; (3) the makers of the notes defaulted in making payments as required by the terms of the notes; (4) Appellants failed to repurchase the notes; (5) Western made a demand upon Appellants for payment of the indebtedness due under the agreement; and (6) all of the required conditions precedent in the agreement had been performed or had occurred.

Western further alleged in its original petition that Simoncini personally guaranteed all of the obligations of the Trust under the terms of the agreement, including the Trust’s obligation to repurchase the notes and that Simoncini, as guarantor, failed to repurchase the notes even though Western had made such a demand.  Western also alleged that all conditions precedent had occurred regarding Simoncini’s obligation to perform according to the terms of the guaranty.

If the facts in the petition allege a cause of action, then a default judgment conclusively establishes the defendant’s liability
(footnote: 20) and represents an admission of all facts properly set forth in the petition.
(footnote: 21)  “Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty.”
(footnote: 22)  Western alleged that all conditions precedent to obtaining payment from the Trust and Simoncini for the delinquent notes had occurred.  We hold that  Western’s allegations that all conditions precedent in order to sue Simoncini for breach of contract have occurred.  We overrule Simoncini’s fifth issue.

III.  CONCLUSION

Because we hold that the trial court did not have jurisdiction over the Trust we reverse the default judgment as it applies to the Trust, and we remand that portion of the case to the trial court.  Having overruled all of Simoncini’s issues, we affirm the trial court’s judgment against her.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  August 21, 2003

FOOTNOTES
1:
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. App. P.
 26.1(c); 
see also
 
Tex. R. App. P.
 30.

3:
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 17.044 (Vernon 1997 & Supp. 2003).

4:
See 
Tex. R. Civ. P. 
12.

5:
See id.

6:
See Rippstein v. Unthank
, 380 S.W.2d 155, 157 (Tex. Civ. App.—Amarillo 1964, 
rev'd on other grounds
, 386 S.W.2d 134 (Tex. 1964) (stating that “[a] trust is a confidence reposed in one person, called the trustee, for the benefit of another, called the cestui que trust, with respect to property held by the former for the benefit of the latter”).

7:
Thompson v. Vinson & Elkins
, 859 S.W.2d 617, 623 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

8:
See Price v. Anderson’s Estate
, 522 S.W.2d 690, 691 (Tex. 1975) (stating that a suit seeking to establish the liability of an estate and subject its property to a judgment should ordinarily be filed against the personal representative).

9:
Kawasaki Steel Corp. v. Middleton
, 699 S.W.2d 199, 200 (Tex. 1985).

10:
Tex. R. App. P. 
47.1.

11:
Tex. R. App. P.
 30; 
Clopton v. Pak
, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, no pet.).

12:
Tex. Civ. Prac. & Rem. Code Ann
. § 17.044(b).

13:
Id.

14:
See id.

15:
See
 
Tex. R. Civ. P. 107.

16:
Barnes v. Frost Nat'l Bank
, 840 S.W.2d 747, 749 (Tex. App.—San Antonio 1992, no writ).

17:
Id.

18:
Capitol Brick, Inc. v. Fleming Mfg. Co. Inc.
, 722 S.W.2d 399, 401 (Tex. 1986).

19:
Morgan v. Compugraphic Corp.
, 675 S.W.2d 729, 731 (Tex. 1984).

20:
Id.

21:
Tex. Commerce Bank, Nat'l Ass'n v. New
, 3 S.W.3d 515, 516 (Tex. 1999).

22:
Hohenberg Bros. Co. v. George E. Gibbons & Co.
, 537 S.W.2d 1, 3 (Tex. 1976).