COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-347-CV
 
THE RAINBOW TRUST AND                                                         
APPELLANTS
JULIE R. SIMONCINI
V.
WESTERN AMERICAN                                                                    
APPELLEE
NATIONAL BANK, N.A.
------------
FROM THE 48
TH DISTRICT COURT OF TARRANT
COUNTY
------------
MEMORANDUM OPINION(1)
------------
The Rainbow Trust ("the Trust")
and Julie R. Simoncini ("Simoncini," collectively
"Appellants") appeal a default judgment in favor of Western American
National Bank, N.A. ("Western"). Appellants contend that error exists
on the face of the record showing that the rules governing service of process
were not strictly followed. We affirm in part and reverse and remand in part.
I. FACTUAL SUMMARY
The Trust sold several notes to First
Mortgage and Loan, Inc. in a transaction documented by a loan sale agreement
("the agreement"), and First Mortgage subsequently assigned its
interest in the notes to Western. The agreement provided that if any of the
notes became delinquent, then in the discretion of the purchaser and upon notice
given to the Trust, the Trust was required to replace the defaulting note with a
new note of equal value, or at the Trust's election, repurchase the defaulting
note for a cash value equal to the outstanding balance of the note.
Simoncini and Marc E. Simoncini
("Marc") executed a document unconditionally guarantying the
performance of the monetary obligations of the Trust to Western. The guaranty
provides that its execution was a condition precedent to the parties entering
into the agreement.
Several of the notes went into default.
Western filed this suit against the Trust, Simoncini, and Marc. Western
eventually filed a motion to nonsuit Marc without prejudice, which the trial
court granted. Western alleged in its petition that Appellants were nonresidents
engaged in business in Texas who contracted with a Texas corporation and the
contract was performable in Texas. Western further alleged that Appellants did
not maintain a regular place of business in Texas and were not required to
appoint or maintain an agent for service of process in Texas; therefore, service
of process on the Secretary of State of Texas was proper. Western also alleged
that requiring Appellants to answer and defend a suit in Texas will not violate
the due process requirements of "fair play and substantial justice"
because of the purposeful actions of the Appellants.
After Appellants failed to answer the
suit, the trial court entered a default judgment against them, ordering them to
pay Western damages of $46,933.93 plus interest. Appellants filed their notice
of appeal within six months of the trial court's judgment.(2)
II. LEGAL ANALYSIS
In five issues, Appellants argue that (1)
the return of citation on the Trust failed to establish service in strict
compliance with the law; (2) Simoncini was not served in strict compliance with
section 17.044; (3) (3) the return of citation on
Simoncini did not establish service in strict compliance with the law; and (4)
the affidavit of Donald Hamilton contains insufficient evidence for a default
judgment against both the Trust and (5) Simoncini.
A. No Service on Trustee
In its first issue the Trust argues that
the return of citation failed to establish service in strict compliance with the
law because there was no service on a trustee of the trust and because the
return of service was not verified. The Trust argues that because the trustee
was not a named defendant and because Appellee failed to direct citation to a
trustee error exists on the face of the record and the default judgment must be
reversed.
Appellee raised a threshold issue by
moving this court to order Robert D. Lybrand pursuant to Rule 12 of the Texas
Rules of Civil Procedure to provide a statement showing Lybrand's authority to
prosecute this appeal on the Trust's behalf. (4)
Lybrand established his authority by stating that he was retained by Marc
Simoncini, Trustee of the Trust. (5)
We now address Appellant's first issue by
pointing out that a trust is a confidence that is placed in a trustee who holds
trust property for the benefit of another. (6)
Generally, "[a] trust is not a legal entity that can be sued in
Texas." (7) To hold a trust liable, the
trustee, not the trust, must be the named defendant, and the trustee must be
sued in its capacity as the trustee, not just individually.
(8) In order for a court to exercise personal jurisdiction over a
nonresident defendant, the defendant must be amenable to the court's
jurisdiction, and if so, then the plaintiff must invoke that jurisdiction by
valid service of process on the defendant. (9)
The face of the record shows that the
Trust was not properly brought before the trial court because neither of the
representatives of the trust was named in the Appellee's petition and neither
was served in their capacity as a trustee. We sustain Appellants' first issue
and do not reach the Trust's remaining issues. (10)
B. Simoncini's Restricted Appeal
To be entitled to a restricted appeal,
Simoncini must show that (1) she filed notice of the restricted appeal within
six months of the trial court signing the default judgment; (2) she is a party
to the suit; (3) she did not participate in the hearing that resulted in the
judgment complained of; and (4) error exists on the face of the record.
(11)
1. Service on Simoncini
In her second issue, Simoncini argues that
she was not served in strict compliance with section 17.044 of the Texas Civil
Practice and Remedies Code because the guaranty did not provide that it was
performable in Texas and because she executed the guaranty in her individual
capacity in Nevada. (12) Essentially, Simoncini
argues that Western did not allege that Simoncini engaged in business in the
State of Texas.
Section 17.044(b) provides that

 "[t]he secretary of state is an
 agent for service of process on a nonresident who engages in business in this
 state, but does not maintain a regular place of business in this state or a
 designated agent for service of process, in any proceeding that arises out of
 the business done in this state and to which the nonresident is a party.(13)

The agreement provides that it "shall
be construed under and in accordance with the laws of the State of Texas, and all
obligations of the parties created hereunder are performable in Tarrant County,
Texas." The agreement further states that "as further security of
the payment of each Note . . . this Agreement shall be guaranteed by the
unconditional personal guarant[y] of . . . Julie R. Simoncini . . . in the form
annexed hereto as Exhibit "B"." The guaranty provides that a
condition precedent to the execution of the agreement is the unconditional
guaranty of the performance and monetary obligations.
Simoncini argues that because the guaranty
is silent on the location of performance as compared to the agreement which
states that the contract is performable in Tarrant County, Texas, then the
guaranty cannot be deemed performable in Texas. According to the guaranty,
however, liability under the guaranty arises from the underlying agreement. The
agreement provides that all the obligations created under the agreement are
performable in Tarrant County, Texas. Therefore, we hold that service upon
Simoncini strictly complied with section 17.044.(14)
We overrule Simoncini's second issue.
2. Return of Citation
In her third issue, Simoncini argues that
the return of the citation served on her did not establish service in strict
compliance with the law. She argues that the return is defective because it is
not verified and does not include the green card with the addressee's signature.
We disagree.
Simoncini argues that rule 107 of the
Texas Rules of Civil Procedure requires that the return of the officer or
authorized person executing the citation shall be endorsed on or attached to the
citation, state when the citation was served, the manner of citation, and be
signed by the officer or by the authorized person.(15)
According to Appellant, because the return was not verified and does not include
the green card with the addressee's signature, the citation was defective, and
the judgment must be reversed.
Texas Rules of Civil Procedure 105 and 107
do not apply when service of process is upon the Secretary of State in
compliance with the Texas long-arm statute.(16)
Instead, the "separate and distinct rules" in the Texas long-arm
statute apply.(17) "[T]he Secretary of
States's certificate is conclusive evidence that the Secretary of State, as
agent of [Appellant], received service of process for [Appellant] and forwarded
the service as required by [section 17.044]."(18)
Western properly alleged that Simoncini
was a nonresident who engaged in business in Texas by contracting with a Texas
resident and that the contract was performed in whole or in part in Texas.
Western also alleged that Simoncini neither maintained a regular place of
business nor designated an agent for service of process. Western also included
Simoncini's home address.
Western served process on the Secretary of
State. The Secretary of State returned a certificate indicating that it mailed
the service to Simoncini. We hold that Western properly alleged that the
long-arm statute applied and that Simoncini was properly served under the
long-arm statute. We overrule Simoncini's third issue.
3. Sufficiency of the Evidence
Simoncini argues in issue five that the
affidavit of Donald R. Hamilton does not contain sufficient evidence for a
default judgment. Simoncini argues that the loan sale agreement provides that
upon default of a note, Western was required to give notice to the Trust of the
delinquent notes, and the Trust was required to replace the notes for at least
the unpaid balance of the delinquent note. Simoncini argues that Western had to
demand that the notes be replaced before it could demand that the Trust
repurchase the notes, and because Western failed to allege that demand was made
upon the Trust to replace the notes, the factual allegations do not establish
her liability.
In a default judgment, all factual
allegations set out in a petition are deemed admitted.(19)
Western alleged in its original petition that (1) Appellants entered into a
contract with Western's predecessor-in-interest; (2) Appellants agreed in that
contract to repurchase notes that became delinquent prior to being paid in full;
(3) the makers of the notes defaulted in making payments as required by the
terms of the notes; (4) Appellants failed to repurchase the notes; (5) Western
made a demand upon Appellants for payment of the indebtedness due under the
agreement; and (6) all of the required conditions precedent in the agreement had
been performed or had occurred.
Western further alleged in its original
petition that Simoncini personally guaranteed all of the obligations of the
Trust under the terms of the agreement, including the Trust's obligation to
repurchase the notes and that Simoncini, as guarantor, failed to repurchase the
notes even though Western had made such a demand. Western also alleged that all
conditions precedent had occurred regarding Simoncini's obligation to perform
according to the terms of the guaranty.
If the facts in the petition allege a
cause of action, then a default judgment conclusively establishes the
defendant's liability(20) and represents an
admission of all facts properly set forth in the petition.(21)
"Conditions precedent to an obligation to perform are those acts or events,
which occur subsequently to the making of a contract, that must occur before
there is a right to immediate performance and before there is a breach of
contractual duty."(22) Western alleged that
all conditions precedent to obtaining payment from the Trust and Simoncini for
the delinquent notes had occurred. We hold that Western's allegations that all
conditions precedent in order to sue Simoncini for breach of contract have
occurred. We overrule Simoncini's fifth issue.
III. CONCLUSION
Because we hold that the trial court did
not have jurisdiction over the Trust we reverse the default judgment as it
applies to the Trust, and we remand that portion of the case to the trial court.
Having overruled all of Simoncini's issues, we affirm the trial court's judgment
against her.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DELIVERED: August 21, 2003

1. Tex. R. App. P. 47.4.
2. See Tex. R. App. P. 26.1(c); see also
Tex. R. App. P. 30.
3. See Tex. Civ. Prac. & Rem. Code Ann. §
17.044 (Vernon 1997 & Supp. 2003).
4. See Tex. R. Civ. P. 12.
5. See id.
6. See Rippstein v. Unthank, 380 S.W.2d 155, 157
(Tex. Civ. App.--Amarillo 1964, rev'd on other grounds, 386 S.W.2d 134
(Tex. 1964) (stating that "[a] trust is a confidence reposed in one person,
called the trustee, for the benefit of another, called the cestui que trust,
with respect to property held by the former for the benefit of the
latter").
7. Thompson v. Vinson & Elkins, 859 S.W.2d
617, 623 (Tex. App.--Houston [1st Dist.] 1993, writ denied).
8. See Price v. Anderson's Estate, 522 S.W.2d
690, 691 (Tex. 1975) (stating that a suit seeking to establish the liability of
an estate and subject its property to a judgment should ordinarily be filed
against the personal representative).
9. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d
199, 200 (Tex. 1985).
10. Tex. R. App. P. 47.1.
11. Tex. R. App. P. 30; Clopton v. Pak, 66
S.W.3d 513, 515 (Tex. App.--Fort Worth 2001, no pet.).
12. Tex. Civ. Prac. & Rem. Code Ann. § 17.044(b).
13. Id.
14. See id.
15. See Tex. R. Civ. P. 107.
16. Barnes v. Frost Nat'l Bank, 840 S.W.2d 747,
749 (Tex. App.--San Antonio 1992, no writ).
17. Id.
18. Capitol Brick, Inc. v. Fleming Mfg. Co. Inc.,
722 S.W.2d 399, 401 (Tex. 1986).
19. Morgan v. Compugraphic Corp., 675 S.W.2d
729, 731 (Tex. 1984).
20. Id.
21. Tex. Commerce Bank, Nat'l Ass'n v. New, 3
S.W.3d 515, 516 (Tex. 1999).
22. Hohenberg Bros. Co. v. George E. Gibbons &
Co., 537 S.W.2d 1, 3 (Tex. 1976).