Richard F. BONEWITZ, Appellant,

v.

Kathleen M. BONEWITZ, Individually and as Next Friend of Kenneth W. Bonewitz, Kristine M. Bonewitz and Karoline M. Bonewitz, Appellees.

No. 3–86–022–CV.

Court of Appeals of Texas, Austin.

Feb. 18, 1987.

Rehearing Denied March 25, 1987.

James A. Brady, Austin, for appellant.

Harold J. Lotz, Jr., Austin, for appellees.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Richard F. Bonewitz complains by writ of error of a default judgment rendered against him by the district court. The question is whether the district court obtained in personam jurisdiction by substituted service of process on the Secretary of State in accordance with the Texas "long-arm" statute. We hold that it did and affirm the judgment.

Kathleen M. Bonewitz, a Texas resident, filed suit against Richard, a resident of Maryland, alleging in part that he had failed to convey a parcel of Texas real estate to the Bonewitz children as required by a contract incident to a Virginia divorce. Process was served on the Texas Secretary of State on January 10, 1986, who forwarded the citation to Richard Bonewitz on January 15, 1986. It was received on January 21, 1986, and a default judgment was rendered and signed on February 4, 1986.

Kathleen filed in this Court a motion to dismiss Richard's appeal for want of jurisdiction in which she argues that Richard "participated" in the trial below and is not therefore entitled to bring this writ of error proceeding. Tex.R.App.P. 45(b) (West 1986). Kathleen contends that "[i]n light of the numerous motions and pleadings filed by Appellant ... as well as his appearing and arguing several such matters prior to the final judgment, Appellant *clearly* participated at the trial court level." We disagree.

Prior to the default judgment on February 4, 1986, no document was filed or appearance of any kind made by Richard Bonewitz. *After* the judgment was signed, Richard filed the following documents: special appearance, motion to quash citation, motion to withdraw and substitute

counsel, and motion to set aside default judgment. The trial court sustained appellant's motion to withdraw and substitute counsel, but the other motions were not argued and were not ruled upon by the trial court prior to the expiration of that court's plenary power.

According to the Texas Supreme Court: The statute [predecessor to appellate Rule 45(b)] was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

*Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941). Under *Lawyers Lloyds*, the actions taken by appellant below did not rise to the level of "participation" within the meaning of Rule 45(b), and this appeal is properly before us.

In his first point of error, Richard argues that the default judgment was improper because Kathleen failed to comply strictly with the statutory requirements for substituted service under the Texas long-arm statute, Tex.Civ.Prac. & Rem. Code Ann. § 17.041, et seq. (1986). He makes essentially four separate arguments under this point of error.

■ He argues first that service was improper because it was made on an employee of the Secretary of State and not on the Secretary of State personally. The Texas Supreme Court has recently held, however, that service on an employee of the Secretary of State is sufficient to effect service on the Secretary of State under the long-arm statute. *Capitol Brick, Inc. v. Fleming Manufacturing Co., Inc.*, 722 S.W.2d 399 (Tex.1986).

■ Richard's second argument is that the Secretary of State failed to forward a copy of the process "immediately" to the non-resident defendant as required by § 17.045. He cites no authority, and we do not believe that a five-day delay by the Secretary of State (which included only three working days) violates the Secretary of State's duty to forward process "immediately."

Richard's third argument is that the time period within which the nonresident defendant must answer should begin to run from the date the Secretary of State actually forwards process to the defendant and not from the date service is made upon the Secretary of State. If the date process was mailed to the defendant by the Secretary of State controls, the default judgment was prematurely rendered and is void. *Ramirez v. Ramirez*, 554 S.W.2d 253 (Tex.Civ.App.1977, writ dism'd).

Richard bases his contention on the following reasoning in *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex.1973):

We regard the [long-arm] statute as being ambiguous. It could be construed to mean that service is complete when the Secretary of State is served, whether he forwards the service or not; but that as the agent of the defendant, he ought to forward the service to the defendant. Or it could mean that the Legislature intended to require that in order for the Secretary of State to be conclusively presumed to be the attorney for the defendant in another state, he *must* forward the service....

We regard the latter as being the intent of the statute. It achieves a result most consistent with justice and due process to both parties.[1]

The import of *Whitney* is that a certificate from the Secretary of State showing that process has been forwarded to the nonresident defendant must appear in the record

---

1. We note that the specific language relied upon by the Court in *Whitney* was deleted when the long-arm statute was recodified in the Texas Civil Practice and Remedies Code. As explained in the Revisor's Note following Tex.Civ.Prac. & Rem. Code Ann. § 17.044:

[T]he revised law replaces the fictional appointment of the secretary of state with the simpler statement that the secretary of state 'is an agent for service of process.' The fiction is unnecessary and cumbersome; the revised law states the substantive effect of the fiction.

in order to sustain the trial court's jurisdiction to render a default judgment in the face of a direct attack.

■■■ It does not follow from the Secretary of State's duty to forward process under *Whitney* that the time period within which the defendant must answer does not begin to run until the secretary has performed that duty. The statute clearly says: "The secretary of state *is an agent* for service of process...." Tex.Civ.Prac. & Rem. Code Ann. § 17.044 (1986) (emphasis added). Service of process upon one who is an authorized agent for service of process constitutes constructive service upon the defendant, thereby beginning the time period within which the defendant must answer. *See, Central Airlines, Inc. v. Kahle,* 419 S.W.2d 873 (Tex.Civ.App. 1967, writ ref'd n.r.e.). We find nothing in the substituted service provisions of the long-arm statute to indicate that the legislature intended to alter this general principle. Consequently, we hold that service of process on the Secretary of State constitutes constructive service on the nonresident defendant, thereby triggering the nonresident defendant's answer date. The default judgment rendered against Richard Bonewitz was not premature.[2]

Richard's fourth argument is that the Secretary of State failed to comply strictly with Tex.Civ.Prac. & Rem. Code § 17.045 because process was not mailed with delivery restricted to the defendant. The relevant statutory language is quoted below:

(a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

\*   \*   \*   \*   \*   \*

(d) The process or notice must be sent by registered mail or by certified mail, return receipt requested.

Tex.Civ.Prac. & Rem. Code Ann. § 17.045 (1986). Citation in this case was sent by certified mail, return receipt requested. It is unclear from the face of the record who actually signed the return receipt; the Secretary of State's certificate states that the return receipt was received "bearing the signature of addressee's agent."

■■ While valid issuance, service and return of citation are ordinarily presumed in support of a judgment, no such presumption exists in the face of a direct attack on a default judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Had this been a case of service of process under the Texas Rules of Civil Procedure, receipt of service by one other than the defendant who was not alleged in the plaintiff's petition to be an authorized agent for service of process would clearly be invalid. Tex.R. Civ.P.Ann. 106(a) (Supp.1986). *See, Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884 (Tex.1985); *Crook v. Teitler,* 584 S.W.2d 356 (Tex.Civ. App.1979, no writ). This, however, is not such a case.

■■ The Texas Rules of Civil Procedure are relevant only in determining whether the Secretary of State was properly served. Once the Secretary of State has been properly served, the long-arm statute determines the procedure to be used by the Secretary of State in forwarding citation to the nonresident defendant. The long-arm statute does not require that delivery be restricted to the defendant. It merely requires that service be sent by registered or certified mail, return receipt requested, and this was done. Had the legislature intended to require restricted delivery, it could easily have done so by incorporating such a provision into the statute as was done in

---

**2.** A nonresident defendant given inadequate time in which to file an answer may attack such service on due process grounds or on the ground that the Secretary of State failed to forward process "immediately" as required by § 17.045 of the long-arm statute. In this case, service of process was received on January 21, 1986, giving Richard approximately thirteen days to file an answer. We do not address the issue of whether giving a nonresident defendant only thirteen days to file an answer violates due process of law because that issue has not been raised by point of error. We have already held that a five-day delay by the Secretary of State does not violate § 17.045.

Tex.R.Civ.P. 106(a)(2). The Supreme Court, furthermore, has recently stated that, absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent for the nonresident defendant, received service of process for the defendant and forwarded the service as required by the statute. *Capitol Brick, Inc. v. Fleming Manufacturing Co., Inc., supra.*

The Secretary of State's notice to Richard was forwarded in compliance with the requirements of Tex.Civ.Prac. & Rem. Code § 17.045, and the first point of error is overruled.[3]

In his second point of error, Richard argues there was no showing that he was doing business in Texas and the trial court did not therefore have jurisdiction to render default judgment against him.

In order to sustain the trial court's jurisdiction to render a default judgment, the pleadings must allege facts which, if true, would make the defendant "amenable to service" under the long-arm statute. *Whitney v. L & L Realty, supra.* The plaintiff has the burden of making sufficient allegations to bring the defendant within the provisions of the substituted service statute. *McKanna v. Edgar, supra.* When the judgment is directly attacked by writ of error, no presumptions may be indulged in favor of that judgment. *Id.*

Kathleen Bonewitz's original petition alleges that: she is a Texas resident; Richard is a nonresident natural person residing at a specified address in California, Maryland; Kathleen and Richard entered into a valid and enforceable contract to be performed in whole or in part in Texas; the contract determines the rights and responsibilities of the parties relating to control and disposition of real property located in Texas; the contract requires that the parties convey their respective interests in a parcel of Texas real estate to their children; Richard breached the contract; Richard was doing business in Texas within

the meaning of Tex.Rev.Civ.Stat.Ann. art. 2031b (prior version of the long-arm statute); Richard did not maintain a registered place of business in Texas and had no designated agent upon whom service of citation could be made; and Richard was conclusively presumed to have designated the Secretary of State of Texas as his true and lawful agent for service of process.

Kathleen's allegations are sufficient to show that Richard was doing business in Texas within the meaning of Tex.Civ.Prac. & Rem. Code Ann. § 17.042(1) and that the Secretary of State qualified as Richard's agent for service of process under § 17.044. Despite Kathleen's allegation of jurisdiction under a superceded version of the long-arm statute, the above allegations are sufficient to support the trial court's jurisdiction. *See, Carbonit Houston, Inc. v. Exchange Bank,* 628 S.W.2d 826, 830–31 (Tex.App.1982, writ ref'd n.r.e.); *Computer Synergy Corp. v. Business Systems,* 582 S.W.2d 573, 575 (Tex.Civ.App.1979, no writ).

Because we overrule both of Richard's points of error, we need not address Kathleen's cross-point. The judgment is affirmed.

---

**3.** Again, we need not address whether the notice provisions of § 17.045 violate due process of law because this issue has not been properly raised.