**Richard C. BARNES and Lyda E. Barnes, Appellants,**

v.

**FROST NATIONAL BANK, Appellee.**

No. 04–92–00079–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1992.

Melissa G. Guthrie, Thad Harkins, Green, McReynolds & Reed, San Antonio, for appellants.

Brennan T. Holland, Groce, Locke & Hebdon, San Antonio, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

GARCIA, Justice.

This is an appeal by writ of error from a default judgment. Appellants contend the trial court erred because it lacked jurisdiction to enter the default judgment. The trial court did not have in personam jurisdiction. We reverse the judgment and remand.

On March 29, 1985, appellants, Richard Barnes and Lyda Barnes, non-residents of Texas, executed and delivered to North Frost Bank, appellee, a promissory note in the amount of $66,150.00, along with deed of trust securing the note. Based on a default of the note, appellee initiated foreclosure proceedings, with a deficiency of $35,567.19 remaining. Appellee initiated a suit to collect this deficiency. In their petition, appellee directed that service of process be made through the Texas Secretary of State pursuant to the long-arm statute TEX.CIV.PRAC. & REM.CODE ANN. § 17.044(b), which provides:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of business done in this state and to which the nonresident is a party.

Based on this request, the Secretary of State forwarded the citations and petitions by U.S. certified mail to Rt. 11, Box 952, Lake Charles, Louisiana 70611. On June 24, 1991, the Secretary of State issued an official document stating that the citations and petitions were mailed by certified mail, and that *"The process was returned to this office on June 20, 1991, bearing the notation UNCLAIMED."* On August 6, 1991, a default judgment in favor of appellee was entered against appellants.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate at trial; and (4) error must be apparent from the

face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). Appellants contend that the trial court erred in assuming jurisdiction over them in light of the record regarding service of process. When a default judgment is directly attacked by means of writ of error, the rules regarding the issuance, service, and return of process are mandatory, and failure to show affirmatively a strict compliance with those rules will render the attempted service of process invalid. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965); *United National Bank v. Travel Music of San Antonio, Inc.*, 737 S.W.2d 30, 32 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.).

In particular, appellants contend that the citations in the record do not comport with the Texas Rules of Civil Procedure. Addressing the duty of the officer or person receiving, the rules state:

> The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

TEX.R.CIV.P. 105. Return of service is addressed in Rule 107:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; *it shall state when the citation was served and the manner of service and be signed by the officer officially or by authorized person*. The return of citation by an authorized person shall be verified. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature. When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain (emphasis added).

TEX.R.CIV.P. 107.

 The citations in this case do not contain the hour of receipt by the officer or authorized person to whom process is delivered. Moreover, the return on the citation fails to state (a) when the citation was served; and (b) the manner of service; and (c) fails to contain the signature of the officer officially or by the authorized person. If any of these three requirements are not met, the citation is fatally defective and will not support a default judgment under direct attack. *Massachusetts Newton Buying Corp., v. Huber*, 788 S.W.2d 100, 103 (Tex.App.—Houston [14th Dist.] 1990, no writ.); *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ). However, these rules are inapplicable when the Secretary of State is served process; rather there are separate and distinct rules in the "long-arm" procedure. Appellee argues that the certificate from the Secretary of State is conclusive evidence of complying with the necessary procedural rules regarding process. In considering the effect of the Secretary of State's certificate, the Texas Supreme Court has held:

> [P]roof of service under this "long-arm" statute can be satisfied by certificate from the Secretary of State. Absent fraud or mistake, *the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [appellant], received service of process for [appellant]* and forwarded the service as required by the statute. The trial court properly acquired in personam jurisdiction over [appellant]. Therefore, it was not error for the trial court to render a default judgment against [appellant].

*Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986).

We do not disagree with this precedent. In *Capitol Brick, Inc.*, however, the Secretary of State's certificate reflected that the office *had* received the return receipt from the certified letter sent to the defendant. This implies the defendant had received notice, and, therefore, traditional notions of fair play and due process were observed. This crucial fact is not present in our case; thus, making *Capitol Brick, Inc.* distinguishable.

In the instant case, the certificate notes that the process was unclaimed. It makes no reference to whether the Secretary of State office had received the return receipt. Further, the record does not reflect whether the plaintiff gave the Secretary of State the correct address. The law makes no presumption favoring valid issuance, service, and return or citation in a default judgment case. *Uvalde Country Club v. Martin Linen Supply Company,* 690 S.W.2d 884, 885 (Tex.1985). At a minimum the certificate of service must affirmatively show *notice given.* An unclaimed letter from the Secretary of State's office can hardly further the aim and objective of the long-arm statute, which is to provide reasonable notice of the suit and an opportunity to be heard.

We see a distinction between "unclaimed" mail and "refused" mail.[1] If a defendant were to know of the existence of certified mail and *refuse* to accept it, this would tend to show the defendant did in fact have notice. On the other hand, "unclaimed" could very well mean that the plaintiff gave the Secretary of State the wrong address for the defendant, in which case the defendant would not receive notice, due process would not be observed, and a plaintiff could pervert the process by giving incorrect addresses.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Thus, we hold under these particular facts that the trial court did not have in personam jurisdiction over the non-resident appellants.

Accordingly, we reverse the default judgment and remand the cause for trial. It is unnecessary for new service of process to issue. *See* TEX.R.CIV.P. 123.

PEEPLES, Justice, concurring.

I concur in the reversal but add these additional observations about default judgments against individuals served through the Secretary of State.

In such cases the writ-of-error record must show that the Secretary of State did in fact forward the papers to the defendant; a certificate from the Secretary of State's office stating that process was forwarded will suffice. *Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986); *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 96 (Tex.1973).

Here the certificate itself shows that while process was duly forwarded it was returned "unclaimed." The defendant cannot thwart service by refusing certified mail. *See BLS Limousine Serv. v. Buslease, Inc.,* 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (citation returned to Secretary of State with notation "refused"); *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 708 (Tex.App.—Fort Worth 1982, no writ) (Secretary of State's certificate showed "Not Deliverable As Addressed, Unable To Forward"). But there must be proof that the address to which the Secretary sent the citation was the defendants' home address or home office. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1986); *Chaves v. Todaro,* 770 S.W.2d 944, 946 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Verges v. Lomas & Nettleton Fin. Corp.,* 642 S.W.2d 820, 821–22 (Tex.App.—Dallas 1982, no writ) (last known address insufficient). An allegation in the petition can provide the needed proof. *See Mahon v. Caldwell, Haddad, Skaggs, Inc.,* 783 S.W.2d 769, 771 (Tex.App.—Fort Worth 1990, no writ).

---

1. *Domestic Mail Manual,* §§ 153.11(b)(c), 159.-323, 159.325, United States Postal Service (Superintendent of Documents, Pittsburgh, Pennsylvania, 1992) (makes the distinction between "refused" and "unclaimed" mail).

If the petition before us or other evidence in the record showed that the address to which the Secretary of State sent the suit papers was the defendants' home office or address, I would affirm the judgment even though the papers were unclaimed and not refused. Because there is no such allegation in the petition and no such proof elsewhere in the record, I concur in the reversal.