Terry **PITTMAN, Plaintiff,**

v.

**TRITON ENERGY CORPORATION and Triton Fuel Group, Inc., Defendants.**

Civ. A. No. 1:93–CV–481RR.

United States District Court, S.D. Mississippi, S.D.

Feb. 2, 1994.

John H. Ott, McComb, MS, for plaintiff.

Pat H. Scanlon, Jackson, MS, for defendants.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on Motion of the defendants, Triton Energy Corporation and Triton Fuel Group, Inc., (hereinafter jointly referred to as "Triton") to Dismiss or Stay the complaint of Terry L. Pittman (hereinafter "Pittman"). The defendants requested oral argument on said motion and a hearing was held in this matter on February 2, 1994.

### FACTUAL BACKGROUND

On September 23, 1993, in the United States District Court for the Northern District of Texas, Dallas Division, Triton Fuel Group, as plaintiff, filed suit against Terry L. Pittman, as defendant. On that same day a summons was issued for the Secretary of State as agent for service for Terry L. Pittman, and on September 24, 1993, a summons was served on the Texas Secretary of State as agent for Terry Pittman. (See attached certificate from Texas Secretary of State filed in the United States District Court, Northern District of Texas on October 26, 1993). On September 28, 1993, this cause of action was filed before this Court.

The defendants submit in their Motion to Dismiss or Stay that the Texas action and the present action involve the same subject matter, the same contract, and the same controversies. The defendants submit that since the Texas complaint and the present complaint are two identical actions filed in courts of concurrent jurisdiction that the Court first acquiring jurisdiction, *i.e.*, the Texas court, should be the venue where the lawsuit is tried. The defendants submit that the plaintiff's rights are protected by Rule 13(a) of the Federal Rules of Civil Procedure which are compulsory counterclaims. The defendants ask that this action be dismissed without prejudice in the interest of judicial economy and efficiency. In the alternative, the defendants ask that this Court stay Pittman's Mississippi action as plaintiff until the Texas action is dismissed or adjudicated and permit defendant Triton to withhold filing an answer in this case until its motion is resolved.

The Texas case, which was filed on September 23, 1993, seeks a declaratory judgment concerning a dispute between Triton and Pittman involving an agent agreement dated February 26, 1991. The defendants submit that the September 28, 1993, Mississippi complaint involves the same facts and the same agent agreement as that in the Texas case. The plaintiff would take issue with this and submits that the action before this Court is for damages and breach of contract, not declaratory relief. The agent agreement in issue attached as Exhibit "A" to the plaintiff's complaint is incorporated herein by reference, but by way of general referral, the agreement provided specifically in paragraph 4 for a one year term beginning February 26, 1991, unless terminated by 60 days minimum written notice prior to the February 26 anniversary date. Pittman submits that despite that provision, defendant Triton Fuel Group, Inc., breached the said provision by attempting to terminate the agreement without proper notice by oral communication effective immediately on or about September 17, 1993. The agreement generally provided that Pittman would submit certain contracts to Triton Fuel Group pursuant to supplier invoices on which Pittman would receive a commission. Pittman alleges in his complaint that paragraph 3(b) of the contract specified that the defendant Triton Fuel Group's minimum monthly margin was $.02 per gallon but that the defendant refused and failed to honor contracts that provided less than $.06 per gallon profit; Pittman submits this breached the provisions of the agreement.

## LEGAL ARGUMENT AND CONCLUSIONS

In support of the defendants' motion, the defendants cite the Court to *Southmark Corporation v. PSI, Inc.*, 727 F.Supp. 1060 (S.D.Miss.1989), where the court stated that:

> Ordinarily, then, where a claim is filed in one court and the defendant in the action, instead of asserting a counterclaim, institutes a second action in which that counterclaim is the basis of the complaint, the court in which the second claim is filed with either dismiss the action or stay it pending resolution of the first action. . . .

> Moreover, a general rule obtains in federal courts that when "two identical actions are filed in courts of concurrent *jurisdiction,* the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982).

*Id.* at 1060. (Emphasis added).

The defendants also submit that Texas courts follow the same rule that

> Concurrent actions pending in different federal courts are duplicative for the purpose of staying one action in favor of the other when the overall content of each suit is not very capable of independent development and will be likely "to overlap to a substantial degree." This standard requires an "actual substantial overlap" or a "common subject matter" between the two cases. Overlap of both evidentiary and factual issues are relevant and the cases need not be identical to be duplicative. Federal courts try to avoid such duplication of effort (1) to avoid waste; (2) to avoid making rulings "which may trench on the authority of sister courts;" and (3) to avoid "piecemeal resolution of issues that call for a uniform result." *Id. [West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721] at 728–29 [ (5th Cir.1985) ].

. . . .

> If these cases are duplicative, the next question is where the dispute should be heard. The rule of thumb in the Fifth Circuit is that the court initially seized of a controversy should be the one to decide whether it will try the case.

*Superior Savings Association v. Bank of Dallas,* 705 F.Supp. 326, 329, 330 (N.D.Tex. 1989).

The defendant submits that pursuant to Rule 3 of the Federal Rules of Civil Procedure, the civil action in Texas was commenced when the complaint was filed with the Court, and, therefore, the defendant submits that the Texas action is proper. In the plaintiff's response, the plaintiff submits that the Texas action should not prevail because

the service there was improper; specifically, the plaintiff submits that he was not properly served and did not obtain service of process as provided by Rule 4 of the Federal Rules of Civil Procedure which provides that service of process be performed pursuant to Texas law. Pittman submits that the record only shows a return of summons being served on the Secretary of State of Texas and that this was not sufficient to put the plaintiff on notice that an action had been commenced against him. The plaintiff submits that Texas law requires that before an action is commenced, service of process must be obtained. *Citing Russell v. Taylor,* 49 S.W.2d 733, 737 (Tex.1932). Furthermore, Pittman submits that Rule 106(b) of the Texas Rules of Civil Procedure requires an affidavit be filed showing service of process on Pittman and that this was not done.

Rule 4(c)(2)(C) of the Federal Rules of Civil Procedure provides that a federal court summons and complaint may be served pursuant to the law of the state in which the district court is held. Under Texas law, service of process may be effected by the Texas long-arm statute. The Texas long-arm statute provides that service of process on a nonresident defendant who has done and is doing business in Texas may be accomplished by serving the Texas Secretary of State who is considered an agent of the defendant for purposes of service. Tex.Civ. Prac. and Rem.Code Annotated, Section 17.-044(b) (Vernon 1986). The defendants Triton submit that service upon the Secretary of State under Section 17.044(b) of the long-arm statute constitutes constructive service and service is deemed complete when the summons and complaint are received by the secretary. *Citing Bonewitz v. Bonewitz,* 726 S.W.2d 227, 230 (Tex.App.–Austin 1987) (writ ref'd, n.r.e., and rehearing of writ overruled). Specifically, Texas Civil Practice and Remedies Code Section 17.044(b) provides:

> (b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Furthermore, Texas Civil Practice and Remedies Code Section 17.042, Acts Constituting Business in this State, provides in pertinent part as follows:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; ...

The defendants submit that a Texas court of appeals has held that service upon the defendant by the Secretary of State is achieved where the record shows that the defendant was in fact served in the manner required by long-arm statute even though the citation and petition are returned to the Secretary of State being the notation "refused." *Citing BLS Limousine Service, Inc. v. Buslease, Inc.,* 680 S.W.2d 543, 546 (Tex. App.–Dallas 1984) (writ ref'd n.r.e., March 13, 1985, and rehearing of writ error overruled, May 22, 1985).

Furthermore, the defendants submit that constructive service under the Texas long-arm statute is distinguishable from "substituted service" under the Texas Rule of Civil Procedure 106(b) cited by the plaintiff. Subsection 106(b) permits service of process upon the defendant at a location where the defendant may likely be found rather than personal service upon the defendant. Tex. R.Civ.P. 106(b). Rule 106(b) of the Texas Rules of Civil Procedure which provides for substituted service provides that upon motions purported by affidavits stating the location of the defendants' usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either subsection (a)(1) or subsection (a)(2) at the location named in such affidavit but has not been successful. The Court may authorize service of Section 1 by leaving a true copy of the citation with a copy of the petition attached, with anyone over 16 years of age at the location specified in such affidavit, or 2, in any other manner that the affidavit or other evidence before the Court will be reasonably

effective to give the defendant notice of this suit. *See Wilson v. Dunn,* 800 S.W.2d 833, 834 (Tex.1990).

The defendants submit that Pittman's reliance on 106(b) is misplaced as it does not apply to the instant action because Pittman was personally served with process through his agent, the Secretary of State, in accordance with Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure and Section 17.044 of the Texas Civil Practice and Remedies; thus rendering substituted service unnecessary. This Court agrees that substituted service of process is not in issue here.

A document submitted to the Court at oral arguments, to be made of record as part of this order, reflects that a summons and complaint in the Texas action was served upon the Secretary of State on September 24, 1993, and that a copy was forwarded on September 24, 1993, by certified mail, return receipt requested to "Pittman, Terry L., Route 3, Box 500, McComb, MS 39648." (See attached certificate from Texas Secretary of State filed in the United States District Court, Northern District of Texas on October 26, 1993). The plaintiff submits that said service of process was sent to an old address and that the service was incomplete as the summons and complaint were not received by him and marked "forwarding time expired."

Section 17.045(a), (d) of the Tex.Civ.Prac. and Rem.Code provides that (a) if the Secretary of State is served with duplicate copies of process for a nonresident, he shall require a statement of the name and the address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident and (d) the process or notice must be sent by registered mail or by certified mail, return receipt requested. *See Bonewitz, supra,* 726 S.W.2d at 230.

Triton argues that this section has been complied with and in support of said contention cites *Wilson v. Dunn,* 800 S.W.2d 833 (Tex.1990) (reh'g of cause overruled). In *Wilson,* substituted service was required and it was delivered by a deputy constable by delivering to an apartment manager a copy of the citation and original petition. *Dunn* did actually receive the papers as he later

acknowledged. The *Dunn* court held in the default judgment action that there were no presumptions in favor of valid issuance, service, and return of a citation in the face of a direct attack on the default judgment and that moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure rendered the attempted service of process invalid. The *Dunn* court held that Mr. Dunn was not strictly served in compliance with Rule 106(b) because substitutive service was not properly authorized absent the affidavit explicitly required by the rule. What is of note and applicable to the case **sub judice,** as substituted service is not, is the fact that although the service was defective, Dunn nevertheless actually received the suit papers and actually knew of the pendency of the suit. The court disagreed that this made service effective and held that actual notice to a defendant without proper service is not sufficient to convey upon the court jurisdiction to render default judgment against him. *Citing Harrell v. Mexico Cattle Co.,* 11 S.W. 863, 865 (1889). *Dunn,* 800 S.W.2d at 836.

The Court also has before it the later case of *Barnes v. Frost National Bank,* 840 S.W.2d 747 (Tex.App.–San Antonio 1992), wherein the Texas court again restated that the law makes no presumption favoring valid issuance service and return of a citation in a default judgment case but at a minimum the Secretary of State's certificate of service must affirmatively show that notice was given. Pittman submits that *Barnes* supports his argument that the summons and complaint issued him, marked "forwarding time expired" did not ultimately confer notice upon Mr. Pittman. The *Barnes* case found that there is a distinction between unclaimed mail and refused mail. "If a defendant were to know of the existence of certified mail and refused to accept it, this would tend to show the defendant did in fact have notice." On the other hand, "unclaimed" could very well mean that the plaintiff gave the Secretary of State the wrong address for the defendant, in which case the defendant would not receive notice, due process would not be observed, and a plaintiff could prevent the process by giving incorrect addresses. "An elementary

and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Barnes, supra,* 840 at S.W.2d at 750 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

It has been noted by the Texas courts that there is a difference between having jurisdiction pursuant to the Texas long-arm statute, Section 17.044(b), and service of process being effected under the Texas Rules of Civil Procedure; without jurisdiction and service which comports with due process and proper notice, the Court would not have jurisdiction. In *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex.1973), the court held in a default judgment case that in the absence of proof that a secretary of state forwarded a copy of process to nonresident former tenants that the district court lacked personal jurisdiction over nonresident defendants and was without jurisdiction in a landlord's suit to collect rent, to enter default judgment against tenants who had leased apartments for a one year term and during the term had moved out of the state, abandoned the apartments, and ceased rental payments. That authority was Vernon's Ann.Civ.St. art. 2031b which Pittman submits is now Tex.Civ. Prac. and Rem.Code. Section 17.044.

*BLS Limousine Service, Inc. v. Buslease,* previously cited, 680 S.W.2d 543, provides that there must be a showing that the secretary of state affirmatively mailed the citations to the person for whom they are agent by regular mail through the United States Postal Service (although citations were returned to the Secretary bearing the notation "refused," appellants were served in accordance with the requirements of Article 2031b).

■ Accordingly, the Court has reviewed the record and finds that although the Texas action was filed first, the service was not properly effected under the Texas long-arm statute. Although the Texas Secretary of State was served as Pittman's agent for service of process, Mr. Pittman did not receive notice of the pending action in accordance with the standards set forth in *Barnes, supra,* as the summons and complaint mailed to him were not received by him and marked "forwarding time expired"; such circumstances are interpreted by this Court as meaning that Pittman did not receive notice by refusing the mail or otherwise. Accordingly, it is the opinion of this Court that the service in Texas was not proper and as such that this action, which was filed four days later, is the district court with proper jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the defendants to Dismiss or Stay is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the certificate from the Texas Secretary of State filed in the United States District Court, Northern District of Texas on October 26, 1993, mentioned herein is attached hereto and made a part of this Memorandum Order.

**SO ORDERED AND ADJUDGED.**

APPENDIX

United States District Court Northern District of Texas.

Filed October 26, 1993.

[Seal]

The State of Texas Secretary of State

94–889:89

I, the undersigned, as Secretary of State of Texas, Do HEREBY CERTIFY that according to the records of this office, two copies of the SUMMONS & COMPLAINT in the cause styled:

TRITON FUEL GROUP, INC. VS PITTMAN, TERRY L. in the U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION. Cause No. 393CV:930

were SERVED UPON the Secretary of State on SEPTEMBER 24, 1993 and that a copy was forwarded on SEPTEMBER 24, 1993 by CERTIFIED MAIL, return receipt requested, to:

PITTMAN, TERRY L.
ROUTE 3, BOX 500
McCOMB, MS 39648

The PROCESS was returned to this office on OCTOBER 6, 1993, bearing the notation FORWARDING TIME EXPIRED.

IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused to be impressed herein the Seal of State at my office in the city of Austin, this 20th day of OCTOBER. A.D. 1983.

(s) John Hannah, Jr.
Secretary of State