CV5-083 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00083-CV







Stephen Vatter, Appellant



v.



International Collection Services, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 219,115, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







PER CURIAM


 Stephen Vatter appeals by writ of error from a no-answer default judgment
rendered against him and Holly Vatter (1) in appellee's suit to recover a post-foreclosure deficiency
on a promissory note. We will reverse the judgment and remand the cause.

 Appellant brings six points of error, contending that he has satisfied the elements
of a writ of error because he was a party to the suit who did not participate in the actual trial of
the cause and appealed within six months of the date the judgment was signed. (Point one.) He
contends that error is apparent on the face of the record in that: the record does not reflect a
certificate of service for appellee's motion for default judgment; citation was never served and no
proper return was on file; the record does not reflect proper service for appellee's second and
third amended petitions; the damages are excessive; and he was not given notice of the hearing
on the default judgment. (Points two through six.) Appellant has met the first three elements for
a writ of error and we sustain point of error one.



Service of Process


 In point of error three, appellant contends that he was never served and the record
contains no proper return of service. When a default judgment is attacked directly by a writ of
error, the rules regarding issuance, service and return of process are mandatory; failure to show
affirmatively strict compliance with those rules will render the attempted service invalid. 
McKanna v. Edgar, 388 S.W.2d 927, 929-30 (Tex. 1965).

 To support a default judgment based on jurisdiction acquired through service under
a long-arm statute: (1) the pleadings must allege facts that, if true, would make the defendant
amenable to service under the long-arm statute; and (2) the record must contain proof that the
defendant was served in the manner required by that statute. Capitol Brick, Inc. v. Fleming Mfg.
Co., 722 S.W.2d 399, 401 (Tex. 1986); Whitney v. L & L Realty Corp., 500 S.W.2d 94, 95-6
(Tex. 1973). The Secretary of State is an agent for service of process on a non-resident who is
not required to designate an agent for service of process in Texas, but who becomes a non-resident
after a cause of action arises in Texas and before the cause is matured by a lawsuit in a court of
competent jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)(3) (West 1986).

 Appellee's petition alleges facts, that, if true, made appellant amenable to service
of process under section 17.044(a)(3). The petition alleged that appellant: (1) executed and
delivered a promissory note in Texas and defaulted on the note, which forms the basis of the suit;
(2) no longer resides in Texas, does not maintain a place of regular business in Texas and has not
designated an agent on whom citation may be served; and (3) became a non-resident after the
cause of action came into existence, but before suit was filed. The first prong of the test to
support a default judgment based on long-arm service has been met. See Fleming, 722 S.W.2d
at 401; Whitney, 500 S.W.2d at 95-6.

 Proper service on a non-resident under the long-arm statute requires: (1) service
of duplicate copies of process on the Secretary of State; (2) a statement of the name and address
of the non-resident's home or home office; and (3) immediate mailing by the Secretary of State
by registered mail or certified mail, return receipt requested. Tex. Civ. Prac. & Rem. Code Ann.
§ 17.045 (West 1986). The record in this cause shows: an allegation in the petition that the
address furnished was appellant's home address; a return of service showing service on the
Secretary of State; and a certificate from the Secretary of State's office stating that process was
mailed certified mail, return receipt requested. The certificate stated that the process was returned
to that office bearing the notation "unclaimed."

 In Fleming, the court held that absent fraud or mistake, a certificate from the
Secretary of State's office stating that the Secretary of State had received service of process and
forwarded it as required by the statute was conclusive evidence of proper service. 722 S.W.2d
at 401. At first glance, the certificate of service in the instant cause seems to satisfy Fleming. 
However, a post-Fleming case, Barnes v. Frost Nat'l Bank, 840 S.W.2d 747, 750 (Tex. App.--San
Antonio 1992, no writ), distinguished Fleming and gave effect to an "unclaimed" notation to hold
long-arm service ineffective.

 In Barnes, the Secretary of State's certificate stated that process was returned
unclaimed. 840 S.W.2d at 748. The appellee relied on Fleming to claim that the Secretary of
State's certificate showing mailing was adequate to show proper service. The Barnes court noted
that in Fleming the Secretary of State's certificate reflected that the Secretary of State's office had
received the return receipt from the letter, which indicated that the defendant had received notice. 
Id. at 749. The majority opinion noted that the postal service notations "refused" and "unclaimed"
have different meanings. If a defendant knew of the existence of certified mail and refused to
accept it, that would tend to show that the defendant did receive notice. Id. at 750. Nothing in
the record in Barnes, however, indicated that the address furnished to the Secretary of State was
correct, creating a concern that a plaintiff could subvert the notice process by furnishing an
incorrect address and relying on an "unclaimed" notation. Id. 

 The majority opinion in Barnes held that service was inadequate under the long-arm
statute and found in personam jurisdiction lacking. Id. (2) In this cause, we have a certificate from
the Secretary of State's office stating that the process was returned "unclaimed." We follow
Barnes and hold that this record is not adequate to show that appellant was properly served. We
sustain appellant's third point of error.

 Accordingly, we reverse the default judgment and remand the cause for trial. 
When a default judgment is reversed on appeal due to a defect in the mode of service of process,
the defendant shall be deemed to have entered an appearance as to future proceedings in the trial
court. Steve Tyrell Prods., Inc. v. Ray, 674 S.W.2d 430, 435 (Tex. App.--Austin 1984, no writ);
see McKanna, 388 S.W.2d at 930. It is unnecessary for new service of process to issue. Tex.
R. Civ. P. 123.


Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: August 16, 1995

Do Not Publish

1. [1]  Stephen Vatter is the only appellant before this Court. Holly Vatter does not appear on the
appeal bond. See Tex. R. App. P. 45(e), 46(a). No attempt at amending the appeal bond to
include her has been made. See Tex. R. App. P. 46(f). Appellee contends that this Court should
dismiss the writ of error appeal brought on Holly Vatter's behalf. However, there is no appeal
on her behalf to dismiss.
2. [2]  The concurring opinion would have held service adequate had the petition alleged that the
furnished address was the defendants' home office or address. Id. at 750-51 (Peeples, J.,
concurring)(citing BLS Limousine Serv. v. Buslease, Inc., 680 S.W.2d 543, 546 (Tex.
App.--Dallas 1984, writ ref'd n.r.e.), which held service was in accordance with long-arm statute
when citations returned bearing notation "refused").